```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  JOHN TRISVAN,

                    Plaintiff,              MEMORANDUM & ORDER
                                             24-CV-5188(EK)(LB)

            -against-


  TARGET CORPORATION,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        John Trisvan filed this lawsuit against Target Corporation. Representing himself, he alleges that Target recorded his image on store video cameras and then shared this image with third parties without his consent. He brings unspecified constitutional tort claims under 42 U.S.C. § 1983, as well as a claim under what he calls the "Biometric Information Privacy Act."[1] He also moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That motion is granted for purposes of this order, but the complaint is dismissed for failure to state a claim.

---

[1] As discussed below, it is unclear whether Trisvan is referencing the Biometric Information Privacy Act (an Illinois statute) or New York City's biometric information protection regulation.

## I. Background

The following factual allegations are drawn from the complaint, and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Trisvan alleges that, in September 2023, he entered a Target store that had "cameras in front." Compl. 3, ECF No. 1. The cameras used "facial recognition" technology and recorded Trisvan's "biometric information." *Id.* at 3-4. Target then "stored [the] images in a database," *id.* at 3, and later shared them with "law enforcement agencies[] and prospective buyers." *Id.* at 2. He seeks unspecified "injunctive relief" and monetary damages of $750,000. *Id.* at 4.

## II. Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[2] The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). But an

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A district court may dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### III. Discussion

**A.   The Section 1983 Claims**

Trisvan brings Section 1983 claims under the First, Fourth, Fifth, and Fourteenth Amendments. *See* Compl. 2. While he does not specify the precise nature of each such claim, they all suffer from the same defect: Section 1983 only applies to state actors. *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996).

"Target is indisputably a private corporation," and therefore presumptively outside the ambit of Section 1983. *Gitter v. Target Corp.*, No. 14-CV-4460, 2015 WL 5710454, at *3 (S.D.N.Y. Sept. 29, 2015). While a private corporation may be liable under Section 1983 if its actions are "fairly attributable to the state," *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014), Trisvan has alleged no factual basis for such attribution. The closest he comes is his allegation that Target sold his "biometric information" to "law enforcement

3

agencies." Compl. 2-4. However, "a private corporation does not become a state actor by selling its products to the government." *Murphy v. Cuomo*, 913 F. Supp. 671, 680 (N.D.N.Y. 1996); *accord Steading v. Thompson*, 941 F.2d 498, 499 (7th Cir. 1991).

Because Trisvan has not alleged that Target is a state actor, he has not stated a viable constitutional claim under Section 1983. Those claims are dismissed.

**B.    The Biometric Information Privacy Act Claim**

Trisvan also brings a claim under the Biometric Information Privacy Act. As an initial matter, it is not clear which law Trisvan is invoking. He could be referring either to an Illinois statute bearing that name, *see* 740 Ill. Comp. Stat. Ann. 14/1, or to a New York City regulation that governs how commercial establishments may use "biometric identifier information." *See* N.Y.C. Admin. Code §§ 22-1201 to 1205.

Ultimately, however, the Court need not determine the statute on which Trisvan relies. What matters is that he is bringing a non-federal claim. A court may decline supplemental jurisdiction over non-federal claims if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Trisvan's federal claims have been dismissed.

4

And the complaint pleads no basis for diversity jurisdiction.[3] So, Trisvan's non-federal claim is dismissed without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

### IV.  Conclusion

For the foregoing reasons, Trisvan's complaint is dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this order to Trisvan, to note the mailing on the docket, and to close this case.

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   June 6, 2025
         Brooklyn, New York

---

[3] Trisvan fails to allege where either party in this action is domiciled, and therefore fails to allege either party's citizenship for purposes of diversity jurisdiction. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."). He alleges that he resides in New York, Compl. 1, but "[d]omicile is not synonymous with residence." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019). And he does not allege Target's citizenship at all, because he does not allege the company's state of incorporation or its corporate "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81; 28 U.S.C. § 1332(c)(1).

5